# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Julie Contreras | Case No. |
| Plaintiff | COMPLAINT |
| v. | July Demand Requested |
| Grant & Weber, Inc.<br>5586 S. Fort Apache Road, Suite 110<br>Las Vegas, NV 89148 | |
| Defendant | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Julie Contreras, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Grant & Weber, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA prohibits any misleading information about the identity of who the creditor actually is the debt is owed to. 15 U.S.C. Section 1692e

## APPLICABLE CASE LAW

3. Under the FDCPA, a communication must not materially mislead or confuse a recipient as to who the actual creditor is that the debt is actually owed to. 15 U.S.C. Section 1692e

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

6. Plaintiff, Julie Contreras (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois
8. Defendant, Grant & Weber, Inc. ("Defendant"), is a Nevada business entity with an address of 5586 S. Fort Apache Road, Suite 110, Las Vegas, NV 89148 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Grant & Weber, Inc.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $150 (the "Debt") to an original creditor.
12. The Debt was purchased, assigned or transferred to Defendant for collection.
13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. On October 8, 2018, Defendant sent a non-initial communication to Plaintiff.  See Exhibit
15. On or about October 13, 2018, Plaintiff received said letter.
16. The letter states in the heading that the "Original Creditor: CENTRAL DUPAGE HOSPITAL" See Exhibit
17. In the letter, it states "[O]ur client offers a variety of programs, which may assist you in resolving this matter." See Exhibit
18. Nowhere does this letter state who the debt is actually owed to.
19. Nowhere does this letter state who the client is or who the current creditor is.
20. The Plaintiff has no idea who the actual creditor that this debt is owed

to.
21. Plaintiff is confused as to whom this debt is actually owed.
22. Defendant is misleading the Plaintiff as to whom this debt is actually owed to.

## STANDING AND INJURY

23. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
24. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
26. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
28. The Defendant's conduct violated 15 U.S.C. Section 1692e by misleading Plaintiff as to whom the debt is actually owed to.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff